**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | |
| *Plaintiff,* | CIVIL ACTION |
| v. | No. 26-cv-8661 |
| SHAWN CARROLL-BOSTIC, | JURY TRIAL DEMANDED |
| *Defendant.* | |

# COMPLAINT

The United States of America brings this action to enforce its Settlement Agreement of March 10, 2023 with Defendant Shawn Carroll-Bostic ("Carroll-Bostic" or "Defendant"), which resolved the Government's common law claims following Carroll-Bostic's receipt of Sickness Insurance Benefits from the United States Railroad Retirement Board ("RRB") while simultaneously working for the City of Philadelphia. The Settlement Agreement is attached hereto as Exhibit A. Although the United States offered time for Defendant to make payments required under the Settlement Agreement, she failed to make any payments.

## I. THE PARTIES

1. Plaintiff, the United States of America, brings this action on behalf of the RRB.

2. Defendant Carroll Bostic is an adult natural person who, upon information and belief, resides at 5235 Reinhard Street, Philadelphia, PA 19143.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345. This civil action is brought by the United States as a plaintiff to enforce the Settlement Agreement, which was intended to resolve its causes of action against Defendant.

4. Venue is proper under 28 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events giving rise to the United States' claim—namely the negotiation and execution of the Settlement Agreement—occurred in this district. Furthermore, the Settlement Agreement provides that "[t]he Parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the Parties under this Settlement Agreement is the United States District Court for the Eastern District of Pennsylvania." Ex. A, Settlement Agreement, ¶ O.

## III. THE LAW

5. The Settlement Agreement contains a choice of law clause which provides that it is "governed by the laws of the United States." *Id.* ¶ O. In addition, "when the United States is a party to a contract, federal common law governs that contract." *E.O.H.C. v. Sec. U.S. Dept. of Homeland Sec.*, 950 F.3d 177, 192 (3d Cir. 2020).

6. Settlement agreements are treated as binding contracts. *In re Columbia Gas System Inc.*, 50 F.3d 233, 238 (3d Cir. 1995). Thus, settlement agreements are construed according to traditional principles of contract law. *Coltec Industries, Inc. v. Hobgood*, 280 F.3d 262, 269 (3d Cir. 2002) (citing *In re Cendant Corp. Prides Litig.*, 233 F.3d 188, 193 (3d Cir.2000)).

7. Under federal common law, a breach of contract claim requires: "(1) the existence of a valid contract between the parties; (2) an obligation or duty arising from that contract; (3) a breach of that duty; and (4) damages caused by that breach"

*Marinaccio v. U.S.*, 2022 WL 2833960, at *11 (D.N.J. July 20, 2022) (quoting *United Launch Servs., LLC v. United States*, 139 Fed. Cl. 664, 681 (2018)).

## IV. CARROLL-BOSTIC ENTERED INTO AN AGREEMENT WITH THE UNITED STATES

8. Carroll-Bostic was employed by Amtrak when she claimed injury on February 1, 2019. Ex. A, Settlement Agreement, ¶ E(a).

9. On March 14, 2019, Carroll-Bostic completed an application for Sickness Benefits—which RRB received on March 26, 2019—and claimed that she was first injured on February 1, 2019. *Id.* ¶ E(b).

10. Carroll-Bostic certified that the information she provided on the application for Sickness Benefits was true, correct, and complete and that she understood the disqualifications and the civil and criminal penalties that may be imposed for false statements made to receive benefits. *Id.* ¶ E(c).

11. On or around March 6, 2019, Carroll-Bostic submitted a Statement of Sickness in support of her claim for Sickness Benefits. *Id.* ¶ E(f).

12. After her initial application, and to collect Sickness Insurance Benefits, Carroll-Bostic electronically submitted twenty-two claims between February 2, 2019 and November 23, 2019. *Id.* ¶ E(g).

13. The RRB Office of Inspector General's Office of Investigations obtained Defendant's wage records through a request to the City of Philadelphia, which indicated her employment with the City of Philadelphia's Public Health Department during the period she collected Sickness Insurance Benefits. *Id.* ¶¶ E(h-i).

14. On March 10, 2023, Carroll-Bostic entered into the Settlement Agreement with the United States to resolve the Government's claims relating to her receipt of RRB

Sickness Insurance Benefits between February 2, 2019 and November 23, 2019 while also employed by the City of Philadelphia. Ex. A.

15. The Settlement Agreement resolved the Government's claims that Carroll-Bostic wrongfully obtained Sickness Insurance Benefits from the RRB in violation of 45 U.S.C. § 359.

16. To resolve the matter, Carroll-Bostic agreed to pay the United States $13,803.21 in sixty (60) installments of $230.05 per month, beginning on the March 10, 2023 execution of the Settlement Agreement and thereafter on the first day of each month.

## V. CARROLL-BOSTIC BREACHED HER AGREEMENT WITH THE UNITED STATES

17. Since the execution of the March 10, 2023 agreement, Carroll-Bostic has failed to make any payments.

18. Her failure to make any payment breaches her agreement with the United States,

19. To avoid any unnecessary litigation, the United States demanded payment on January 8, 2025. The January 8, 2025 letter notifying Carroll-Bostic of her default and inviting her to discuss an amicable resolution is attached as Exhibit B.

20. Despite informing Carroll-Bostic of her default under the March 10, 2023 agreement, she has still failed to remit payment to the United States.

21. The United States is not in breach of any of its obligations pursuant to the Settlement Agreement.

**COUNT I**
**Breach of Contract**

22. The United States incorporates by reference the preceding paragraphs as though fully set forth herein.

23. The Settlement Agreement between Carroll-Bostic and the United States is a valid contract, the interpretation and enforcement of which presents a question of federal law.

24. The Settlement Agreement obligated Defendant to remit to the United States in the amount of $13,803.21 in sixty (60) installments of $230.05 per month, beginning on the March 10, 2023 execution of the Settlement Agreement and thereafter on the first day of each month.

25. Defendant breached the Settlement Agreement by failing to pay the sums described above.

26. Defendant has no valid legal basis for failing to remit payment as required under the Settlement Agreement.

27. Defendant's failure to remit any of the payments required under the Settlement Agreement has damaged the United States.

28. The United States is therefore entitled to judgment in the amount of $13,803.21, plus post-judgment interest, fees, and costs.

## VI. CLAIM FOR RELIEF

WHEREFORE, the United States of America demands judgment in the amount of $13,803.21 in favor of plaintiff United States and against defendant Shawn Carroll-Bostic, as well as post-judgment interest, costs, and all other and further relief as the Court deems just and equitable.

## VII. DEMAND FOR A JURY TRIAL

The United States demands a jury trial.

Respectfully submitted,

DAVID METCALF
United States Attorney

/s/ Gregory B. David
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

/s/ Isaac J. Jean-Pierre
ISAAC J. JEAN-PIERRE
Assistant United States Attorney
United States Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Phone: (215) 861-8372
Email: isaac.jean-pierre@usdoj.gov

*Counsel for the United States of America*

Dated: November 12 , 2026